**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TIFFANY LAWSON,

                    Plaintiff,

           v.

ANNE FONTAINE USA, INC., and ARI
ZLOTKIN, in his professional and individual
capacities,

                  Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tiffany Lawson ("Plaintiff" or "Mrs. Lawson"), by and through her attorneys,

The Ottinger Firm, P.C., as and for her Complaint in this action against Defendants Anne

Fontaine USA, Inc. ("Anne Fontaine" or the "Company") and Ari Zlotkin ("Defendant Zlotkin")

(collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This is an action seeking declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendants' unlawful employment practices against Plaintiff,

including Defendants' unlawful interference with, restraint, and denial of Plaintiff's exercise of

and/or attempt to exercise her rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et*

*seq.* ("FMLA"); Defendants' discriminatory and retaliatory treatment of Plaintiff due to her

pregnancy and/or pregnancy-related medical condition, in violation of the New York State

Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York

City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL"); as

well as Defendants' violation of New York State Labor Law §§ 190 *et seq.* ("NYLL").

2.      Defendants' discriminatory, retaliatory and otherwise unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because Defendants maintain their corporate headquarters and principal place of business in this district, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

5.      On or about the date of the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff's EEOC charge arises out of the same facts alleged herein.

6.      When the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendants violated Title VII as well.

7.      Contemporaneous with the filing of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation

Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

8.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

9.      Plaintiff Tiffany Lawson is a female former employee of Defendants who resides in the State and County of New York.  She worked as Director of Human Resources in Defendants' New York City offices from in or around September 2014 until Defendants unlawfully placed her on an indefinite, unpaid "suspension" and/or constructively discharged her employment in or around late September 2015.  At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

10.      Upon information and belief, Defendant Anne Fontaine USA, Inc., is a Texas corporation authorized to do business in New York, and maintains its principal executive office in New York County, New York.  Anne Fontaine is an international women's luxury fashion brand, based in France, offering ready-to-wear clothing, shoes, handbags and accessories.  At all relevant times, Defendant Anne Fontaine met the definition of an "employer" under all applicable statutes.

11.      Defendant Ari Zlotkin is the Chief Executive Officer for Defendant Anne Fontaine USA, Inc.  Upon information and belief, Defendant Zlotkin is a citizen of France and currently resides in New York, New York.  At all relevant times, he has actively and directly participated in the discrimination, harassment and unlawful retaliation committed against Plaintiff.  At all relevant times, Defendant Zlotkin had authority to make personnel decisions concerning Plaintiff's work schedule, assignments, salary and other employment benefits.

Defendant Zlotkin also had, and continues to have, authority to discipline, including the right to terminate, Plaintiff and other Company employees.

## FACTUAL ALLEGATIONS

12.     Mrs. Lawson was hired as the Director of Human Resources ("HR") for Anne Fontaine on September 8, 2014.

13.     Defendant Zlotkin, the Company's Chief Executive Officer, became Mrs. Lawson's immediate supervisor in November 2014.

14.     Throughout her tenure at the Company, Mrs. Lawson's performance met and exceeded the Company's legitimate expectations for her role as Director of HR.

15.     Despite her efforts, Mrs. Lawson became aware of a pattern of troubling personnel actions undertaken by Defendant Zlotkin.  By way of examples only, Defendant Zlotkin unilaterally terminated several different female employees shortly after being informed that each was pregnant and/or almost immediately upon their return from maternity leave. Similarly, Defendant Zlotkin terminated multiple other employees shortly after learning that they had requested that the Company afford them reasonable accommodations for their respective medical conditions.

16.     Mrs. Lawson expressed concern that this pattern of conduct by Defendant Zlotkin was inconsistent with the Company's obligations under federal, state and local employment anti-discrimination laws.

17.     Mrs. Lawson became pregnant in or around July 2015, approximately ten motnhs into her tenure as Director of HR.

18.     On August 18, 2015, Mrs. Lawson mentioned in an email to Defendant Zlotkin that her physician had informed her that she may be suffering from a medically significant,

stress-related health problem.  Because she was still very early on in her pregnancy, Mrs.

Lawson did not wish to inform Defendant Zlotkin of the fact that she was pregnant at that time –

although her physician had raised his concern about Mrs. Lawson's stress levels in relation to her

pregnancy and prenatal health.

19.     On Wednesday, September 2, 2015, Defendant Zlotkin held a previously

scheduled in-person meeting with Mrs. Lawson to discuss an unrelated issue concerning a

particular Company employee.

20.     Toward the end of that meeting, Defendant Zlotkin referenced the stress-related

health concern that Mrs. Lawson had mentioned to him by email.  At that point, Mrs. Lawson

informed Defendant Zlotkin that she was pregnant, with an anticipated due-date in April 2016.

21.     Defendant Zlotkin responded by expressing his desire that Mrs. Lawson end her

employment in light of her pregnancy.

22.     Mrs. Lawson was shocked by his response, and informed Defendant Zlotkin that

she had every intention of continuing to excel at her job until giving birth, and to return to work

following a brief period of maternity leave.  Defendant Zlotkin ended the meeting by stating that

he would "sleep on it" and follow up with Mrs. Lawson the next day.

23.     The following day, Thursday, September 3rd, Defendant Zlotkin proposed that

Mrs. Lawson continue working until October, and then accept an offer of six-weeks severance

pay conditioned on her resignation.  Mrs. Lawson again informed Defendant Zlotkin that she was

*not* seeking to end her employment on the basis of her pregnancy.

24.     On Friday, September 4th, Mrs. Lawson took a previously scheduled vacation day

away from the office.  The office was closed for Labor Day on Monday, September 7th.

25.     When Mrs. Lawson returned to work on Tuesday, September 8th, Defendant Zlotkin sought her out to once again address his desire that she end her employment due to her pregnancy.

26.     Defendant Zlotkin told Mrs. Lawson that he had consulted with legal counsel, who had informed him that it was unlawful to terminate Mrs. Lawson for being pregnant.  He stated that Mrs. Lawson therefore had two options:

Option One:     Continue working for the remainder of her pregnancy, and be terminated upon returning from her anticipated maternity leave; or

Option Two:     Agree to resign in return for a severance payment equal to 50% of her base salary for the remaining seven months of her pregnancy.

27.     Mrs. Lawson did not accept either of Defendant Zlotkin's proposed "options," and instead informed Defendant Zlotkin that she intended to consult with an attorney regarding his proposals and her legal rights.

28.     Mrs. Lawson retained an attorney who wrote to Defendant Zlotkin on September 10, 2015, asserting that Defendant Zlotkin's attempts to terminate Mrs. Lawson's employment for being pregnant were unlawful.

29.     Shortly thereafter, on September 17th, Mr. Zlotkin accosted Mrs. Lawson in the office and shouted at her in a hostile, aggressive and degrading manner that would not be appropriate in any workplace, and was certainly unwarranted by any work-related circumstances. Mr. Zlotkin concluded his tirade by informing Mrs. Lawson that "*it's not going to stop*" and "*isn't going to get any better for you*" – in apparent references to his intent to retaliate against her for retaining counsel by subjecting her to further hostile and abusive behavior.

30.     Several days later, on September 23rd, Defendant Zlotkin informed Mrs. Lawson by email that he was placing her on an involuntary, unpaid suspension from work, stating:

> "Considering the circumstances, please note that you are suspended until further notice. My attorney will be in contact with your attorney."

31.     Approximately one-week later, on October 2nd, Mrs. Lawson received her regularly scheduled payroll deposit.  However, her payment was substantially lower than usual, as she was not paid for a full week that she had worked during the payroll period – even *prior* to being placed on an involuntary, unpaid suspension by Defendant Zlotkin.

32.     Mrs. Lawson emailed Defendant Zlotkin that same day to request that he immediately pay her for the days she had worked, and to emphasize that it was illegal for him to withhold her earned salary.

33.     Defendant Zlotkin responded by email a few minutes later, refusing to pay Mrs. Lawson her earned wages, and threatening to report her to the police for purportedly attempting to "defraud" the Company.

34.     Although Defendants have yet to provide Mrs. Lawson with formal notice of her termination, Defendants have ceased communications with her, barred her from the Company's offices, and removed her from the Company's payroll – all on the basis of her pregnancy, her anticipated need for a brief period of maternity leave, and her decision to retain counsel in an attempt to enforce her rights.

35.     As a direct and proximate result of Defendants' unlawful actions, Mrs. Lawson has suffered, and will continue to suffer, monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation and other benefits to which she would otherwise be entitled.

36.     As a further direct and proximate result of Defendants' unlawful actions, Mrs. Lawson has suffered damage to her reputation and career.

37.     As a further direct and proximate result of Defendants' unlawful actions, Mrs. Lawson has suffered severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

38.     Defendants' discriminatory and unlawful conduct against Mrs. Lawson was intentional and malicious and/or showed a deliberate, willful, wanton and reckless disregard for Mrs. Lawson's rights under federal, state and local law.

## FIRST CAUSE OF ACTION
### (Violation of the FMLA)

39.     Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

40.     At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.  Similarly, at all relevant times herein, Defendant Anne Fontaine is and was a "covered employer" within the meaning of the FMLA.

41.     At various times during Plaintiff's employment, Defendants and/or Defendants' authorized agents also specifically informed and confirmed to Plaintiff that Defendant Anne Fontaine is a  "covered employer" within the meaning of the FMLA, and that Plaintiff and other employees in Defendants' New York City offices are "covered employees" within the meaning of the FMLA.

42.     Defendant Anne Fontaine violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of and/or attempts to exercise Plaintiff's rights thereunder by,

*inter alia*, terminating and/or constructively discharging her employment for exercising and/or attempting to exercise her rights under the FMLA.

43.     As a direct and proximate result of Defendant Anne Fontaine's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

44.     Defendant Anne Fontaine's unlawful actions constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the FMLA)**

45.     Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

46.     At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.  Similarly, at all relevant times herein, Defendant Anne Fontaine was and is a "covered employer" within the meaning of the FMLA.

47.     At various times during Plaintiff's employment, Defendants and/or Defendants' authorized agents also specifically informed and confirmed to Plaintiff that Defendant Anne Fontaine is a  "covered employer" within the meaning of the FMLA, and that Plaintiff and other employees in Defendants' New York City offices are "covered employees" within the meaning of the FMLA.

48.     Defendant Anne Fontaine unlawfully retaliated against Mrs. Lawson by, *inter alia*, terminating and/or constructively discharging her employment in reprisal for exercising and/or attempting to exercise her rights under the FMLA and/or for opposing Defendant Anne Fontaine's interference and refusal to allow her to exercise such rights.

49.     As a direct and proximate result of Defendant Anne Fontaine's unlawful retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

50.     Defendant Anne Fontaine's unlawful actions constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of the New York State Human Rights Law)**

51.     Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

52.     Defendant Anne Fontaine has discriminated against Plaintiff on the basis of her sex, pregnancy and pregnancy-related medical conditions in violation of the NYSHRL by, *inter alia*, placing her on an unjustified, indefinite unpaid suspension, withholding her earned wages, and terminating and/or constructively discharging employment on the basis of her pregnancy.

53.     As a direct and proximate result of Defendant Anne Fontaine's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

54.     As a direct and proximate result of Defendant Anne Fontaine's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment, for which she is entitled to an award of damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the New York State Human Rights Law)

55.     Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

56.     Defendant Anne Fontaine has retaliated against Plaintiff in violation of the NYSHRL by, *inter alia*, placing her on an unjustified, indefinite unpaid suspension, withholding her earned wages, and terminating and/or constructively discharging employment for opposing and/or complaining of Defendants' discriminatory practices against her, both personally and through counsel.

57.     As a direct and proximate result of Defendant Anne Fontaine's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

58.     As a direct and proximate result of Defendant Anne Fontaine's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment, for which Plaintiff is entitled to an award of damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of New York City Human Rights Law)

59.     Plaintiff hereby repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60.     Defendant Anne Fontaine has discriminated against Plaintiff on the basis of her sex, pregnancy and pregnancy-related medical conditions in violation of the NYCHRL by, *inter alia*, placing her on an unjustified, indefinite unpaid suspension, withholding her earned wages, and terminating and/or constructively discharging employment on the basis of her pregnancy.

61.     As a direct and proximate result of Defendant Anne Fontaine's discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

62.     As a direct and proximate result of Defendant Anne Fontaine's discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment, for which she is entitled to an award of damages.

63.     Defendant Anne Fontaine's unlawful and discriminatory actions against Plaintiff in violation of the NYCHRL were outrageous and malicious, were intended to injure Plaintiff, and were done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

64.     Plaintiff hereby repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

65.     Defendant Anne Fontaine has retaliated against Plaintiff in violation of the NYCHRL by, *inter alia*, placing her on an unjustified, indefinite unpaid suspension, withholding

her earned wages, and terminating and/or constructively discharging employment for opposing and/or complaining of Defendants' discriminatory practices against her, both personally and through counsel.

66.     As a direct and proximate result of Defendant Anne Fontaine's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

67.     As a direct and proximate result of Defendant Anne Fontaine's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment, for which Plaintiff is entitled to an award of damages.

68.     Defendant Anne Fontaine's unlawful and discriminatory actions against Plaintiff in violation of the NYCHRL were outrageous and malicious, were intended to injure Plaintiff, and were done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### (Aiding and Abetting Violations of New York City Human Rights Law)

69.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

70.     Defendant Zlotkin knowingly or recklessly aided, abetted, and participated directly in the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the NYCHRL.

71.     As a direct and proximate result of Defendant Zlotkin's unlawful conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which she is entitled to an award of damages.

72.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

73.     Defendant Zlotkin's unlawful actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
**(Violation of New York Labor Law)**

74.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

75.     At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL.  Similarly, at all relevant times, Defendant Anne Fontaine was an "employer" within the meaning of the NYLL.

76.     Defendant Anne Fontaine was required to pay Plaintiff an agreed upon salary as compensation for her employment.  Defendant Anne Fontaine nevertheless subjected Mrs. Lawson's compensation – including quarterly bonuses and, beginning in September 2015, her base salary – to unlawful withholdings, deductions and/or mandatory "kickbacks" in violation of the NYLL §§ 190 *et seq.*

77.     Plaintiff's salary and the withheld amounts constitute "wages" within the meaning of the NYLL §§ 190 *et seq.*

78.     Defendant has refused to make the wage payments owed to Plaintiff and/or has unlawfully made deductions or taken "kick backs" from such wages in violation of NYLL §§ 190 *et seq.*

79.     As a result of the foregoing, Plaintiff has been denied wages required under the NYLL §§ 190 *et seq.*, and is entitled to an award of unpaid wages, liquidated damages, punitive damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violated the laws of the United States and the State and City of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hard, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment;

15

E.      An award of damages for any and all other monetary and/or non-monetary losses

suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of liquidated damages pursuant to the FMLA and NYLL;

G.      An award of punitive damages pursuant to the NYCHRL and NYLL;

H.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's

reasonable attorneys' fees to the fullest extent permitted by law; and

I.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
      October 12, 2015                     Respectfully submitted,

                                      **THE OTTINGER FIRM, P.C.**

By: _____
                  Ariel Y. Graff
                  Robert W. Ottinger

                  401 Park Avenue South
                  New York, New York 10016
                  Telephone: (212) 571-2000
                  Facsimile: (212) 571-0505
                  ari@ottingerlaw.com
                  robert@ottingerlaw.com

                  *COUNSEL FOR PLAINTIFF*